COMMISSIONER OF INTERNAL REVENUE
v. PITTSBURGH UNION STOCK
YARDS CO. et al.

No. 4389.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1931.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Ewing Laporte, of Pittsburgh, Pa., for respondents.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of the United States Board of Tax Appeals. Without entering into details, it suffices to say that in 1904 one of the taxpayers here involved procured a lease upon a stock yard for a term of ten years. This lease also gave the lessee the privilege of renewal for an additional ten years, conditioned on the lessee's exercising such option by writing prior to the expiration of the original lease. The original lease provided "that the annual rental for the new term shall be then ascertained and determined by agreement between the parties." No notice in writing of an election to exercise the option was given within the stipulated time, but in point of fact there was no hiatus in occupation, but a renewal of the lease was shortly thereafter formally made and the occupation was continuous. In that regard the Board of Tax Appeals considered there was an "evident intention of the parties in 1904, the provisions of the renewal clause in the lease, the assurance given the lessee long prior to March 1, 1913, that the lease would be renewed, the mutual advantages which would result to the lessor and lessee from a renewal of the lease, the immense cost to the lessor which would have resulted from taking the 'demised premises for other purposes,' and finally the fact that the lease was renewed less than a year from March 1, 1913." In that regard the Board held: "In view of all these factors and the unrefuted testimony of Anderson and McFadyen that on March 1, 1913, there was absolutely no doubt about the renewal being granted, we are convinced that the March 1, 1913, value should be exhausted over the remaining life of the original term, plus the renewal period," and it was so held. From such action by the Tax Board the Commissioner took this appeal and as stated in his brief, "the question presented is whether the two leases constituted one twenty year lease for the purpose of determining invested capital and deductions for exhaustion."

Assuming for present purposes the right of this court to take up and decide this question de novo, we find ourselves in entire accord with the holding of the Board of Tax Appeals "that the March 1, 1913 value should be exhausted over the remaining life of the original term, plus the renewal period." Accordingly, the action of the Board of Tax Appeals is approved and affirmed.